# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Westchester
---------------------------------------------------------------x

Bolivar Balarezo
Raquel C. Balarezo
Plaintiff,

Index No. 60345/2016

-against-

Ocwen Loan Servicing

Defendant.
---------------------------------------------------------------x

The attached has been submitted in paper form for filing by the undersigned.

Document type: Summons and Complaint

Additional document info: _____

Number of pages including this cover page: 16

FILED
JUL 28 2016
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

(X) The document contains no Confidential Personal Information (CPI), as defined in 22 NYCRR 202.5(e).

( ) The document contains the following (CHECK ANY THAT APPLY):
( ) Social Security Number.
( ) Confidential Personal Information (CPI) that is REDACTED in accordance with 22 NYCRR 202.5(e).
( ) Confidential Personal Information (CPI) that is UN-REDACTED and seeks a remedy in accordance with 22 NYCRR 202.5(e)(2) OR (3).
( ) Confidential Personal Information (CPI) that is UN-REDACTED as required or permitted by a specific rule or law. Specify the rule or law _____.

( ) Confidential Personal Information (CPI) that is UN-REDACTED as directed by court order. DATE of court order: _____ DATE order filed: _____.
Other identifying information for such order: _____.

I understand that: (i) it is the policy of the Westchester County Clerk and the Westchester County Supreme Court to scan all documents submitted in paper form and to maintain those documents in electronic form; and (ii) the information contained in the paper document I have submitted may be made available to the public via the court's website unless it contains un-redacted CPI as indicated above or is otherwise restricted or sealed.

_Bolivar Balarezo_    [ ] Unrepresented   07-28-16
Signature of Filer                          Date

_Bolivar Balarezo_
Print Name                                  Counsel Appearing for (Name of Party)

1/14/16

## WESTCHESTER SUPREME AND COUNTY COURT

BOLIVAR BALAREZO, and  )
RAQUEL C. BALAREZO    )  Index No. 60345/2016
    Plaintiff's )  Case No:
                      )  HON. Judge:
--vs--                )         **FILED**
OCWEN LOAN SERVICING and )
MERSCORP HOLDINGS INC. FKA MERS/ )      JUL 28 2016
MORTGAGE ELECTRONIC REGISTRATION )  PLAINTIFF'S TITLE DISPUTE
SYSTEMS AND SENECA MORTGAGE )  TIMOTHY C. IDONI
SERVICING             )  COUNTY CLERK
    Defendant's      )  COUNTY OF WESTCHESTER
                      )  Summons & Complaint

PLAINTIFF'S COMPLAINT - TITLE AND LAND DISPUTE AND TRIAL BY JURY DEMAND IN THIS ACTION BASED ON THE VIOLATION OF- 15 U.S.C. § 1692.

### JURISDICTION, VENUE AND PARTIES

1.    Plaintiff, BOLIVAR BALAREZO and RAQUEL C. BALAREZO now is, and was at all times relevant to this complaint, and a resident of the State of New York.

2.    OCWEN LOAN SERVICING is a Corporation with a place of business located at 3815 S.W. Temple, Salt Lake City, Utah 84115.

3. "MERS" "MERSCORP" formerly known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, is a Delaware corporation, with its principal Office or place of business at 1595 Spring Hill Road, Suite 310 Vienna, Virginia 22182. "MERS" Ticker Symbol "MERSCORP."

4. SENECA MORTGAGE SERVICING is a Corporation with a place of business located at 611 Jamison Road-Elma NY, 14059

5. The acts complained of took place in the State of New York.

6. The amount in controversy exceeds $ 75,000.00 Dollars.

7. This Court has jurisdiction over Plaintiff's Claims pursuant (diversity citizenship) to Defendant's bogus claims.

## STATEMENT OF FACTS

8. On <u>December 14, 2004</u>, Plaintiff purchased real property commonly known as 67 SPRING ST, PORT CHESTER NY 10573 -[GRANTOR BY DEED].

SBL# SECTION 2, BLOCK 91, LOT 5
Property Address: 67 SPRING STREET, PORT CHESTER, NY 10573 ,0000
County of WESTCHESTER, STATE of NEW YORK

9.      Plaintiff's is the Lawful and Rightful Owner of the Real Property Grantor by Deed mentioned above in paragraph (7).      Attached hereto as Exhibit A

10.     Plaintiff's BOLIVAR and RAQUEL BALAREZO Objection per the Defendants either failing or refusing to answer the validation request.  That as a result of this misstep Defendants are in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. OCWEN LOAN SERVICING alleged assignment is invalid, which means a foreclosure of the Plaintiff's Property would fail as a matter of law without having to consider the splitting factor i.e, that the note and mortgage are held by two different alleged entities.

Finally, if the assignment is invalid neither of the Defendants, OCWEN LOAN SERVICING nor its assignee Mers have requisite standing to invoke the Jurisdiction of the New York Courts.  Plaintiff has properly cited New York Law, the relevant statutes, and the terms of a Mortgage Contract itself, all of which require unification of the Note and Mortgage prior to the Institution of a foreclosure action. PHYSICAL POSSESSION of the NOTE must be reviewed by all parties for validation by the Honorable Court after the filing of a law suit within 28 days which did not happen and this court must [UNDERSTAND] this claim has went unanswered and a ruling must be made in favor of the Plaintiff.

11.     That document named [MORTGAGE] and dated- March 17, 2005 is BOGUS also misleading as a valid document and states the following in error:

## ASSIGNMENT OF MORTGAGE

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,INC, AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC.
The undersigned holder of the Mortgage described below (herein Assignor) whose address is 1901 E. Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto U.S BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CSFB MORTGAGE SECURITIES ADJUSTABLE RATE MORTGAGE TRUST 2005-5, ADJUSTABLE RATE MORTGAGE –BACKED PASS-THROUGH CERTICATES, SERIES 2005-5 whose address is 9062 OLD ANNAPOLISRD, COLUMBIA, MD accrued or 21045 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrue under said security instrument.

Original Lender:   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC,AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC.
Made By: SHAHNEWAZ QURASHI, A MARRIED MAN
Date of Mortgage:  3/17/2005
Original Loan Amount: $304,000.00
Section: 283.00   Lot: 029.000    Block: 02.00

Recorded in Suffolk County, NY on 5/25/2005, book M00021056, page 781 and instrument number CW023439

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated: MAY 23, 2012

                        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC

                        By: Tallsha Wallace-Assistant Secretary

This alleged agreement is a violation of Section UNIFORM COMMERIAL CODE –Article 9.203 also Security and Exchange Commissions. Attached hereto as Exhibit B

Dated: 06/07/2004 – Signed by Tallsha Wallace as Assistant Secretary also in no one's presence as Assistant Secretary is, Attached hereto as Exhibit C, is UNOFFICIAL.

12.  That without notice ,This MORTGAGE is a BOGUS INSTRUMENT for the following reasons: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS cannot legally be and Assignor because as of 5/8/2003 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS did not [EXIST] also no legal document could then be filed at the NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER with the aid of someone involved in a Money Laundering a Securities Instrument because on a valid assignment transfers the ownership of the mortgage and allows the assignee of the assignment to begin a foreclosure action. Only the holder/owner of the note and mortgage can institute a foreclosure action if the homeowner stops making their mortgage payments, any other action is unfair, deceptive and unconscionable. Attached hereto as Exhibit D

13.  That Document ID: 2005080101176002 –stating to be an Assignment, Mortgage –Dated 09/22/2005 is a BOGUS document as all Defendants has/have no interest in the Note. The law states § 812 [15 USC 1692j] Furnishing certain deceptive forms. (A)It is unlawful to design, compile and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

14.  Lawyers obligated to disclose faulty foreclosure paperwork Lawyers representing banks and other mortgage service companies must tell the courts if they know of paperwork problems known felonies in

their client's foreclosure cases, according to the Bar's Professional Ethics Committee. A Bar staff opinion held it makes no difference whether the case was open or closed or what stage an open case is at in terms of the lawyers duty. The opinion said that under Rule 4-3.3(Candor Toward the Tribunal), the improperly prepared affidavits constitute false evidence, and the lawyer has a duty to disclose that to the Courts.

Attached hereto as Exhibit E

15.     That Document ID: 2005080101176003 is a bogus Instrument due Plaintiff not being the borrower, nor giving FIDELITY NATIONAL TITLE nor COUNTRYWIDE HOME LOANS, INC, authorization to produce this Instrument stating MERS is the MORTGAGEE/LENDER, which at the time (MERS) did not exist based on the MERS record with the Secretary of State in the State of Delaware this bogus document attempts to divest Plaintiff of All her Rights and interest in the subject property and puts a Cloud on Plaintiff's Title, which at the time of [ALL] these transactions with MERS who had no license nor authority to transfer interest to Countrywide Home Loans INC and is in violation of Section 1042 of Dodd-Frank, Unfair, Deceptive or Abusive Acts or Practices (UDAAP).                    Attached hereto as Exhibit F

16.     That on the same day Document ID: 2005080101176003 and Recorded /Filed on 09/30/2005 with the City Register File No. 2005000548755 , were unauthorized also money laundering a BOGUS loan

Documents which was silent fraud and money laundering with several financial transactions in order to conceal the identity, source, and/or destination of unauthorized money. Note that document Exhibit F, was filed the same day to make it appear as valid instead was a clear violation of Corporation Veil-Piercing since MERS is clearly an Alter- Ego for its member Corporations (basically all of the major mortgage lenders. This hides the identity of the true owner of the mortgage and note, which are two separate legal transactions.                          Attached hereto as Exhibit G

17. That Document ID: 2005080101176005, is fraud due to MERS creating also wrongfully enjoining lenders is a violation of the FDIC due to being and [INADEQUATE SECURITY]and then Recorded/Filed on 09/30/2005 at the same time as the other [two] false documents with City Register File No. 2005000548757 also a violation of the FAIR DEBT COLLECTION PRACTICE ACT- 15 U.S.C § 1692 et seq. (FDCPA).        Attached hereto as Exhibit H

18. That Document ID: 2011101100826001-Dated 09/30/2011 as an ASSIGNMENT,MORTGAGE- recording as CORELOGIC is also to appear as valid instead was a clear violation of Corporation Veil-Piercing since MERS is clearly an Alter- Ego for its member Corporations (basically all of the major mortgage lenders.


   This hides the identity of the true owner of the mortgage and note, which are two separate legal transactions and possible money laundering this hides the identity of the true owner of the mortgage and note, which are two separate legal transactions.
As the document have ASSIGNOR/OLD

LENDER:MERS/COUNTRYWIDELOANS ,INC and ASSIGNEE/ NEW LENDER as BANK OF AMERICA, N.A is bogus and untrue as to Doc. ID# 88606721406106728- but [NEVER] recorded and signed by an Assistant Secretary, which only a PRESIDENT or VICE PRESIDENT has authority to sign Security Instruments.

19. That now SELECT PORTFOLIO SERVICING, has stated to state making payments and validation was requested and has went unanswered by Certified Mail# 7010 0780 0000 4073 1310 and is over 30 (thirty) days past due which caused the filing of this law suit because,  Defendants,[ Attorney] failure to disclose an actual misrepresentation based on the banks position of trust and confidence, facts that he has a duty to disclose because silence is or can only be equated with fraud.                    Attached hereto as Exhibit I

20. New York Code of Laws provides, in part, that ...each clerk of court and register of deeds in this State shall keep a record, in the office in which he files all conveyances, mortgages, and papers relating to real. ..Property, by entering in the record the names of the grantor and grantee, mortgagor and mortgagee, obligor and obligee (emphasis supplied) Moreover,  The register of deeds or clerk of court in those counties where the office of the register of deeds has been abolished shall immediately upon the filing for record of any deed, mortgage, or other written instrument enter it upon the proper indexes in his office, which constitute an integral, necessary, and inseparable part of the recordation of the deed, mortgage,

or other written instrument for any and all purposes whatsoever, and this shall likewise apply to any copy of the indexes made subsequently by the register of deeds or clerk of court, or the deputy of either, or by his authority for the purpose of replacing the original indexes. The entries in the indexes required to be made are notice to all persons sufficient to put them upon inquiry as to the purport and effect of the deed, mortgage, or other written instrument so filed for record, but the recordation of a deed, mortgage, or other written instrument is not notice as to the purport and effect of the deed, mortgage, or other written instrument unless the filing of the instrument for record is entered as required in the indexes.

21. Plaintiffs have expended substantial time, and monies in performing the afore described duties.

22. By reason of the Defendants' false and fraudulent claims and the filing of legally void documents, Defendants have, for their own advantage, misused the Plaintiffs' recording systems, have altered their condition, and have rendered the Plaintiffs' recording systems inaccurate and unreliable. By reason of the foregoing, Defendants conveyed the Plaintiffs' property For their own use and benefit.

23.     In February 2012, the Attorney General of the State of New York, Eric T. Schneiderman filed a Summons and Complaint, *People of The State of New York v. JP Morgan Chase, et. al.* under the aegis of the Bureau of Consumer Fraud & Protection in Kings County, Brooklyn, at the Supreme Court against JP Morgan Chase Bank, N.A., Chase Home Finance LLC., Mortgage Electronic Registration Systems, Inc. ( "MERS"), a wholly-owned subsidiary of MERSCORP and other banks pursuant to Executive Law § 63 (12) under which the Attorney General is empowered "to seek injunctive relief, restitution, and damages when a person or business entity engages in repeated fraudulent or illegal acts or persistent fraud or illegality in the carrying on, conducting, or transacting business". ( U.S. Bank National Association v. Madero, 80 A.D.3d 751, 752-53, 915 N.Y.S.2d 612 (2d Dep't 2011); Countrywide Home Loans, Inc. v. Gress, 68 A.D.3D 709, 709 (2d Dep't 2009). The promissory note, a negotiable instrument must be endorsed to the foreclosing party on the note itself – or on a firmly affixed allonge, or "endorsed in blank or to the bearer and physically held by the foreclosing party". (N.Y. UCC §§ 3-204(1)-(2).

24. Plaintiff is in violation of New York Real Property Law ("RPL"), Article 9 by failing to file its legal standing in accordance with the legal established system for recording real property sales and transfers to "furnish potential purchasers with actual or at least constructive notice of previous conveyances and encumbrances that might affect their interests and uses". *Witter v. Taggart, 78 N.Y.2nd 234, 238 (1991).*

25. Defendant's never had possession of the original Note and mortgage, and therefore had no rights to make "required notifications of a default under the terms of the Note and Mortgage", as stated by Plaintiff.

26. **Plaintiff respectfully requests the Honorable Court allow the evidence to control the litigation to a Securities Data Breach - and/or possible wrongdoers per the Shenanigans and lack of accountability.**

## CONCLUSION

The applicability of Article 3 to the enforcement of the note assumes that the note is a negotiable instrument. There is some question as to whether most mortgage notes in fact qualify as negotiable instruments under Article 3 of the Uniform Commercial Code. See Ronald
J. Mann, Searching for Negotiability in Payment and Credit Systems, 44 UCLA L. Rev. 951, 968-973 (1997).

If enforced the instrument pursuant to section 3-309 or subsection (d) of section 3-418. It is not a holder or a non-holder in possession since it does not physically hold the note, and it is not claiming enforcement rights subject to the lost note provision of section 3-309 or the mistaken payment provision of section 3-418. In other words, a payment made to the mortgage- in the form of the property- would not discharge the note, so the homeowner could face a double recovery situation. The simplest protection against such an inequitable result is to require unification of the mortgage and note in hands of the party prosecuting the foreclosure.

ASSEMBLY BILL 1602/ SENATE BILL 1470 –THE FORECLOSE REDUCTION ACT OF 2012 STATES THE FOLLOWING: Requires creditors to provide documentary evidence of ownership, the chain of title to real property, and the right to foreclose, at the time of the filing of a notice.

**WHEREFORE**, Plaintiff is entitled to be GRANTED –QUIET TITLE against anyone claiming an interest in Plaintiff's Real Property.

## RELIEF REQUESTED

A.  Declare that all Defendants' are in violation Of the FDCPA and are part of the "MERS SCHEME" to Deprive hardworking Americans of their homes and make Them liable to Plaintiff in the amount of $ 1,000,000.00(One Million Dollars)in Exemplary Damages.

B.  Declare the Fraudulent Assignments on Plaintiff's Real Property is void from the beginning and Grant Quiet Title in favor of the Plaintiff.

C.  Legal fees, costs, and any other relief that the Court deems necessary, just and fair.

D.  Or a Trial by Jury on all issues

Respectfully Submitted

By: *[signature]*
BOLIVAR BALAREZO
67 SPRING ST
PORT CHESTER, NY 10573
(914) 497-6840

07-28-16
Dated

By: *Raquel C Balarezo*
RAQUEL C. BALAREZO
67 SPRING ST
PORT CHESTER, NY 10573
(914) 497- 6840

07-28-16
Dated

Bolivar
67 Spring
Port Chester, NY, 10573

7015 0640 0004 0494 3418

