UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BOLIVAR BALAREZO and RAQUEL C.
BALAREZO,
            Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
MERSCORP HOLDINGS INC. F/K/A
MERSCORP/MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS and SENECA
MORTGAGE SERVICING,
            Defendants.
----------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 3033 (VB)

Briccetti, J.:

    Plaintiffs Bolivar Balarezo and Raquel C. Balarezo, proceeding pro se, bring this action alleging defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and state law, in connection with a mortgage on plaintiffs' property.

    Plaintiffs originally filed their complaint on July 28, 2016, in New York State Supreme Court, Westchester County. On April 26, 2017, defendant Ocwen Loan Servicing, LLC ("Ocwen") removed the case to this Court on the ground that subject matter jurisdiction exists by virtue of the FDCPA claim.

    Now before the Court are two motions to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, filed separately by defendants Ocwen and Seneca Mortgage Servicing ("Seneca"). (Docs. ##6, 15).

    Defendant Merscorp Holdings Inc. ("Merscorp") has not appeared in the case to date.

    For the reasons set forth below, Ocwen's and Seneca's motions are GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

It is difficult to decipher plaintiffs' allegations, as the complaint is largely unintelligible. Nevertheless, in deciding the pending motions, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiffs' favor.

On December 14, 2004, plaintiffs purchased property located on 67 Spring Street, Port Chester, NY 10573 ("the property"). Plaintiffs allege defendants failed or refused to answer a debt validation request, required by law. (Compl. ¶ 10). They also allege defendant Ocwen made an invalid assignment of a mortgage. However, plaintiffs include in the body of their complaint the text of an assignment of mortgage, dated May 23, 2012, of a different property in Suffolk County. (Compl. ¶ 11). Ocwen is not mentioned in this assignment of mortgage.

In addition, plaintiffs refer to several documents by sixteen-digit document identification numbers, calling them "bogus" for several reasons, including because defendants allegedly "have no interest" in them, or because plaintiffs are not "the borrower." (Compl. ¶¶ 13, 15). They allege at least one of these documents "attempts to divest Plaintiff of All her Rights and interest in the property and puts a Cloud on Plaintiff's Title." (Id. ¶ 15). Among other incoherent allegations, plaintiffs allege at least two documents "were unauthorized also money laundering a BOGUS loan Documents which was silent fraud and money laundering with several financial transactions in order to conceal their identity, source, and/or destination of unauthorized money." (Id. ¶ 16). Finally, plaintiffs allege defendants "never had possession of the original Note and mortgage, and therefore had no rights to make 'required notifications of a default under the terms of the Note and Mortgage,' as stated by Plaintiff." (Compl. ¶ 25).

## DISCUSSION

I.  Standards of Review

   A.  Rule 12(b)(5)

"Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court must first address the preliminary questions of service and personal jurisdiction." Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) (internal citations omitted).[1]

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2008) (internal quotations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, courts must look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Plaintiffs bear the burden of proving service of process was adequate. Id.

"In measuring sufficiency of process before removal, the court looks to standards established by state law." Gay v. Carlson, 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991), aff'd, 60 F.3d 83 (2d Cir. 1995).

   B.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to

---

[1] Because plaintiffs are proceeding pro se, they will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiffs have not pleaded. Id.

II. Service of Process

    A. Ocwen

Ocwen argues the complaint must be dismissed against it because it was never properly served.

The Court agrees.

4

Under New York law, service can be made with a "summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause," and such service "shall be made within one hundred twenty days after the commencement of the action or proceeding." CPLR § 306-b. According to the plain language of this rule, a complaint without a summons does not suffice to effect proper service. That is because "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." Macchia v. Russo, 67 N.Y.2d 592, 595 (1986). The statute clearly requires service of a summons (or a petition or notice of petition or order to show cause) on the defendant.

In addition, under New York limited liability law, service on a foreign limited liability company—like Ocwen[2]—is to be made "by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." NY Limit. Liab. Co. § 303(a).

Here, Ocwen asserts the complaint was sent to it (i) without the summons, (ii) to an address not associated with Ocwen, and (iii) by mail.

In their opposition to Ocwen's motion to dismiss, plaintiffs appear to argue service was proper because the complaint was served on Ocwen at the address of a law firm. (Opp'n at ¶ 1). However, service on an attorney not authorized to accept service is not effective. See Williams

---

[2] Ocwen asserts it is a limited liability company with a principal place of business in Delaware. The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the public entity information provided by the New York State Department of State, Division of Corporations' corporate and business entity database, which shows that Ocwen Loan Servicing, LLC is a foreign limited liability company. See https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (last visited Oct. 20, 2017).

v. DRBX Holdings, LLC, 80 A.D.3d 534, 534 (1st Dep't 2011) (service improper where "plaintiff served defendant's attorneys instead of serving the Secretary of State, as required by Limited Liability Company Law § 303," and noting "[t]he fact that defendant's attorneys would have received a copy of process from the Secretary of State does not avail plaintiff") (citations omitted).

Nothing before the Court suggests the law firm mentioned in plaintiffs' opposition was authorized to accept service on behalf of Ocwen. In addition, it is irrelevant that the complaint eventually found its way to Ocwen via other means. See Macchia v. Russo, 67 N.Y.2d at 595 ("the fact that a defendant has received prompt notice of the action is of no moment" where service is improper). Moreover, plaintiffs' time to effect proper service on defendants has long passed.

With no evidence of proper service in the record, and no valid legal arguments responding to the assertion that service was insufficient, plaintiffs have failed to shoulder their "burden of proving service of process [on Ocwen] was adequate." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d at 251.

Accordingly, the complaint is dismissed against Ocwen.

B.  Seneca

Seneca claims it was never served in connection with this case, and was only made aware of the lawsuit when it received Ocwen's notice of removal.

Seneca's motion, made over five months ago, is unopposed by plaintiffs. Nothing in the record suggests there was ever attempted service of process on Seneca and plaintiffs have made no effort to meet their "burden of proving service of process was adequate." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d at 251.

Accordingly, the complaint is dismissed against Seneca as well.[3]

III.   Failure to State a Claim

In the alternative, defendants Ocwen and Seneca argue plaintiffs' complaint must be dismissed for failure to state a claim.

The Court agrees.

The only federal cause of action identifiable in the complaint is a violation of the FDCPA.

 "To establish a violation under the Act, '(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (citing Plummer v. Atl. Credit & Fin., Inc., 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)).

Here, plaintiffs' complaint is devoid of factual allegations necessary to state the elements of a FDCPA claim. For example, plaintiffs do not adequately allege defendants qualify as debt collectors for the purposes of the FDCPA. (See Ocwen Br. at 6). Moreover, plaintiffs' allegations that "Defendants either fail[ed] or refus[ed] to answer the validation request" and that "as a result of this misstep[,] Defendants are in violation" of the FDCPA (Compl. ¶ 10), do not

---

[3]   There is no indication on the docket that defendant Merscorp has been served, nor has Merscorp appeared in the case. Nevertheless, plaintiffs have not moved for a default judgment. However, a Court may not sua sponte dismiss a defendant for insufficient service of process unless the plaintiff is first given an opportunity to explain whether the defendant has been served, and if not, whether the plaintiff has good cause for its delay in effecting service. See Dupps v. Betancourt, 952 N.Y.S.2d 585, 587 (2012); Thompson v. Maldonado, 309 F.3d 107 (2d Cir. 2002). Accordingly, the Court does not dismiss Merscorp on Rule 12(b)(5) grounds at this time. However, as explained below, the complaint is dismissed in its entirety under Rule 12(b)(6) for failure to state a claim.

sufficiently explain what happened or why plaintiffs believe these alleged actions amount to a violation of the FDCPA. The complaint goes on to allude to an invalid assignment of the mortgage, and the apparent impropriety of Ocwen of having brought a foreclosure action in state court. This allegation is not entirely discernable, nor does it appear to state a FDCPA claim.

In sum, it is not clear from plaintiffs' complaint whether or how defendants allegedly violated the FDCPA. Accordingly, plaintiffs have failed to state a claim under the FDCPA.[4]

Finally, to the extent the complaint contains other state law claims, the Court declines to exercise supplemental jurisdiction over those claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); 28 U.S.C. § 1367(c)(3).

IV.  Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without

---

[4] The Court notes that plaintiffs' complaint also fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that"[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The statement should be plain "so as to enable [the adverse party] to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). As mentioned, it is very difficult to understand plaintiffs' complaint, which contains little detail regarding the underlying facts giving rise to the claims, or a clear articulation of the specific claims being asserted. As such, it fails to provide defendants with the requisite notice of the claims such that they may defend themselves in this litigation.

8

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, reading the complaint liberally, the Court does not find any allegations that suggest plaintiffs have a valid claim they have merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds that repleading would be futile, because the problems with plaintiffs' complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies. See id.

Accordingly, the Court declines to grant plaintiffs leave to amend their complaint.

## CONCLUSION

The motions to dismiss of defendants Ocwen Loan Servicing, LLC and Seneca Mortgage Servicing are GRANTED.

Because the complaint is dismissed in its entirety for failure to state a claim, the complaint is dismissed as to all defendants, including defendant Merscorp Holdings, Inc.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motions (Docs. ##6, 15) and close this case.

Dated: October 24, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge